**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4048**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ARCHIE ANTWON BRIDGES,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:18-cr-00230-BO-1)

Submitted:  August 22, 2019                    Decided:  August 26, 2019

Before KING and RICHARDSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Archie Antwon Bridges pled guilty without a plea agreement to distribution of a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) (2012), possession with intent to distribute a quantity of heroin in violation of 21 U.S.C. § 841(a)(1), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Bridges to 120 months in prison on each count with the sentences running concurrently. Bridges timely appealed, arguing that his sentence is substantively unreasonable.

We review sentences for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* Bridges concedes, and we agree, that his sentence is procedurally reasonable. "When reviewing the substantive reasonableness of a sentence, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir 2014) (brackets and internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

The district court determined that Bridges' Sentencing Guidelines range was 110 to 137 months of imprisonment. Bridges' 120-month sentence—which is within the

2

Guidelines range—is therefore presumptively substantively reasonable. *Id.* Our review of the record leads us to conclude that Bridges fails to rebut the presumption of reasonableness we afford his sentence. Accordingly, we affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*